**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **FRANK PHILLIP LEONARD, SR., ET AL.** | **CIV. ACTION NO. 3:25-01426** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **COMPASS ENERGY OPERATING, L. L. C., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction [doc. # 12] filed by Defendants, Compass Energy Operating, L.L.C. and Compass Production Partners, L.P.   The motion is opposed.   For reasons assigned below, IT IS RECOMMEND that the motion to dismiss be GRANTED.

**Background**

On September 25, 2025, Plaintiffs Frank Leonard, Sr.; Clarence Leonard, Jr.; Lorenzo Cowans; Alonzo Leonard; Chewanda Rose; Christopher Sanders; Joe Leonard, Sr.; Robert Leonard, and Latasha Leonard (collectively, "Plaintiffs") filed the instant complaint for damages against Defendants Compass Energy Operating, L.L.C. and Compass Production Partners, L.P. (collectively, "Defendants").   (Compl.).   Plaintiffs allege that, on July 24, 2002, Frank Leonard entered into an Oil, Gas, and Mineral Lease (the "Lease") with Anadarko Petroleum Corporation ("Anadarko"), granting certain drilling and mineral rights to Anadarko on land located in Jackson Parish, Louisiana.   (Compl.; ¶¶ 14-15).   They allege that each Plaintiff has an interest

1

in the Lease as a signatory, beneficiary, or assignee thereto.  *Id*., ¶ 16.   Plaintiffs are citizens of Nevada, Texas, California, Louisiana, and/or Florida.  *Id*., ¶¶ 3-11.

Sometime after July 2007, Anadarko assigned the Lease to Defendants, who took over drilling operations and responsibility for the care and maintenance of the wells located on the leased land.  *Id*., ¶ 17.   More recently, however, Plaintiffs learned that Defendants' operations had caused their property to become contaminated with hazardous and toxic substances.  *Id*., ¶¶ 20-26.   Furthermore, Defendants ignored Plaintiffs' attempts to discuss the conditions on the leased land.  *Id*., ¶ 27.   Accordingly, Plaintiffs filed the instant suit against Defendants, asserting claims for negligence, breach of warranty, and nuisance.  *Id*., ¶¶ 29-43.   Plaintiffs seek an award of compensatory damages in excess of $75,000, prospective injunctive relief, and attorney's fees and costs.  *Id*., Prayer.

After delays for service, Defendants filed their Answer on February 2, 2026.   (Answer [doc. # 8]).   The next day, the Clerk of Court issued a Notice of Diversity Jurisdiction Disclosure Statement.   [doc. #10].   While researching their "ownership" structure for the purposes of identifying their citizenship, Defendants traced their membership to at least one partner of a limited partnership who is a Texas citizen.   Accordingly, on February 16, 2026, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction because of incomplete diversity between the parties, specifically, because there are Texas citizens on both sides of the diversity equation.[1]

---

[1] Defendants seek dismissal under Rule 12(h)(3), which applies when the Court, *sua sponte*, dismisses a case for lack of subject matter jurisdiction.   When the issue is raised by a defendant(s), however, it should be raised by a Rule 12(b)(1) motion.   The Court will construe the motion as filed under the latter provision, as needed.   *See* FED. R. CIV. P. 1 (rules should be construed and administered to secure the just, speedy, and inexpensive determination of every

Also, because the remainder of Defendants' ownership structure consists of hundreds of limited liability companies, entities, and individuals, that would be extremely time-consuming and difficult to track down but otherwise prove superfluous if the motion to dismiss were granted, Defendants contemporaneously filed a motion for extension of time to file their full corporate disclosure and diversity jurisdiction statements.   [doc. # 13].   On February 26, 2026, the Court granted the motion and extended Defendants' deadline to file its disclosures until after the Court resolved the pending motion to dismiss, unless the issue becomes moot.   (Order [doc. # 21]).

On March 10, 2026, Plaintiffs filed their opposition brief.   (Pls. Response [doc. # 22]). On March 17, 2026, Defendants filed their reply brief.   (Defs. Reply [doc. # 23]).   Accordingly, the matter is ripe.

## Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."   *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoted source omitted).   "A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."   *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (quoted source(s) and internal quotation marks omitted).

---

action).   Regardless, the same result obtains under either provision.

**Law and Analysis**

"Federal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, "[i]It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."   *Id*. (internal citations omitted).

Here, Plaintiffs invoked the Court's diversity jurisdiction, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332.   (Compl., ¶ 1).   "Complete diversity" means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."   *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023) (citation omitted).   "To meet its burden of establishing complete diversity, [the party asserting diversity jurisdiction] must 'distinctly and affirmatively allege the citizenship of the parties.'"   *Id*. (citation omitted).

The citizenship of both limited and general partnerships is determined by the citizenship of each of the partners.   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (limited partnership) (citation omitted); *Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 137 (5th Cir. 1997) (general partnership) (citation omitted).   Similarly, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey*, 542 F.3d at 1080.   Further, if members of an LLC are also LLCs or other artificial entities comprised of additional entities, then the court must "trace[ ] their citizenships down the

4

various organizational layers where necessary." *Baton Rouge Ventures, L.L.C. v. Cedar Grove Capital, L.L.C.*, No. 23-30741, 2024 WL 3582650, at *1 (5th Cir. July 30, 2024) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. App'x. 765, 768 (5th Cir. 2015) (citation omitted). Thus, in most every case, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership **until one reaches only individuals and/or corporations**. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019) (tracing members of LLCs to other LLCs and then, ultimately, to two individuals); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (party invoking court's jurisdiction admitted that it did not know the citizenship of every member of two entities and the members of other entities that comprised them).

In their Complaint, Plaintiffs alleged that Defendants Compass Energy Operating, L.L.C. ("Compass Energy") and Compass Production Partners, L.P. ("Compass Production") were Oklahoma "corporations" with their principal places of business in Oklahoma. (Compl., ¶¶ 12-13). However, consistent with their entity-identifying suffixes, Defendants adduced evidence to show that Compass Energy is an LLC, and Compass Production is a limited partnership. (Decl. of Stephen Sparks; M/Dismiss, Exh. 1 [doc. # 12-2]). Consequently, setting forth Compass Energy and Compass Production's principal places of business is insufficient to plead diversity jurisdiction. *Warren v. Bank of Am., N.A.*, 717 Fed. App'x 474, 475 n.4 (5th Cir. 2018).

Defendants also produced evidence ultimately tracing the "ownership"[2] of Compass Production to Mountain Capital Partner Management GP, LP, a Delaware limited partnership comprised of thirteen limited partners, one of whom is Larry Oldham, who "lives and works in Texas" and intends to maintain his residence there indefinitely.   (Decl. of Stephen Sparks; M/Dismiss, Exh. 1 [doc. # 12-2] and Decl. of Larrry Oldham; M/Dismiss, Exh. 2 [doc. # 12-3]). In other words, Oldham is a domiciliary and citizen of Texas.  *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (equating citizenship with domicile for purposes of diversity).   Because the members or partners of Defendants ultimately include a citizen of Texas and at least one Plaintiff also is a citizen of Texas, the parties are not completely diverse, and the Court lacks subject matter jurisdiction.

In their response to the motion to dismiss, Plaintiffs assert that neither Oldham nor Mountain Capital Management GP, LP, are members of Defendants, directly, and, thus, there is no evidence of lack of diversity jurisdiction.   (Pls. Response, pg. 4).   In other words, they appear to argue that citizenship of an LLC, GP, or LP should not be traced up the chain of ownership/membership until one reaches only individuals or corporations.   Plaintiffs, however, are mistaken.  *See* discussion, *supra*.   Plaintiffs further conclude that there is no evidence that Defendants are not diverse from them.   However, as the side invoking federal court jurisdiction,

---

[2] Ownership is not necessarily synonymous with membership in an LLC.   Some States permit LLC membership without ownership.  *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023).   Therefore, allegations of ownership may not include all the members of an LLC.

6

it ultimately devolves upon Plaintiffs to properly allege the citizenship of all the parties.[3]   This, they have failed to do.

Plaintiffs invoked this Court's subject matter jurisdiction via its diversity jurisdiction, 28 U.S.C. § 1332.   However, they have failed to establish that the parties are completely diverse. Moreover, the record contains uncontroverted evidence showing that citizens of Texas are present on both sides of the diversity equation.   Under these circumstances, the Court lacks diversity and subject matter jurisdiction.   Dismissal is required.   *See Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (failure adequately to allege the basis for diversity jurisdiction mandates dismissal).

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Defendants' motion to dismiss for lack of subject matter jurisdiction [doc. # 12] be GRANTED, and that Plaintiffs' Complaint be DISMISSED, without prejudice.   FED. R. CIV. P. 12(b)(1) and/or 12(h)(3).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

[3] To be sure, all parties are now tasked with identifying and disclosing their own citizenship. FED. R. CIV. P. 7.1(a)(2).   However, the Court continued Defendants' disclosure deadline in light of their uncontested showing that their membership ultimately includes at least one limited partner who shares common citizenship with Plaintiff(s).

filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 1st day of June, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE